United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEROME TALLEY,
Plaintiff,

v.

SUSAN ILLSTON,
Defendant.

Case No. 16-cv-00336-JD

**ORDER GRANTING IFP APPLICATION, DENYING MOTION TO AMEND AND DISMISSING COMPLAINT WITH PREJUDICE**

Re: Dkt. Nos. 1, 3, 6

Plaintiff Jerome Talley ("Talley"), who is suing pro se, has asked to proceed *in forma pauperis* ("IFP"). Dkt. No. 3. He has also filed a motion to amend. Dkt. No. 6. The Court grants the IFP request, denies the motion to amend, and dismisses plaintiff's complaint with prejudice.

**BACKGROUND**

Talley filed a complaint against the Honorable Susan Illston, United States District Judge, "in her official capacity." Dkt. No. 1. Plaintiff purports to assert a claim against Judge Illston under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and seeks monetary relief. *Id*.

**DISCUSSION**

Under 28 U.S.C. § 1915(a)(1), the Court first looks to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without paying a filing fee. Talley has submitted an affidavit stating that his sole source of income is his monthly welfare benefits of seventy-five dollars. Dkt. No. 3 at 2. That is enough to show that he is unable to pay or give security for the filing fee, which is $400. Accordingly, the Court grants Talley's application to proceed without the payment of a filing fee.

But Talley may not continue to prosecute his complaint. Under 28 U.S.C. § 1915(e)(2)(B), the Court may "at any time" dismiss an IFP complaint that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from such relief." "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). This means the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the plaintiff." *Id.* Since Talley is a pro se plaintiff, the Court "construes . . . pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt." *Id.*

Even construing the complaint liberally, it fails to state a claim. Judge Illston is a defendant who is immune from the relief plaintiff seeks against her. As our Circuit has explained:

> Anglo-American common law has long recognized judicial immunity, a "sweeping form of immunity" for acts performed by judges that relate to the "judicial process." *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, *Forrester*, 484 U.S. at 227-28, 108 S.Ct. 538, or when the exercise of judicial authority is "flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity discourages collateral attacks on final judgments through civil suits, and thus promotes the use of "appellate procedures as the standard system for correcting judicial error." *Forrester*, 484 U.S. at 225, 108 S.Ct. 538. "Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review." *Id.* at 227, 108 S.Ct. 538.

*In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002).

It is clear from the allegations in Talley's complaint that he is attacking acts performed by Judge Illston "that relate to the 'judicial process'" and for which she is completely shielded by judicial immunity. *See, e.g.*, Dkt. No. 1 at 5 (alleging plaintiff's rights "were violated by defendant when defendant did not 'act,' under 28 U.S.C. sec. 1331 the Federal Question [raised] by the complaint in Case No. CV 15-6116, filed December 28th, 2015, because defendant did not 'exercise' jurisdiction . . .").

Plaintiff's motion to amend, Dkt. No. 6, fails to cure this fatal deficiency. The Court consequently denies the motion, and dismisses the complaint without leave to amend. Although the Court normally grants a pro se plaintiff leave to amend, it is clear that Talley's charge against

United States District Court
Northern District of California

Judge Illston cannot be cured by amendment, and leave to amend is therefore inappropriate in these circumstances. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

The complaint is dismissed with prejudice, and the case is closed.

**IT IS SO ORDERED.**

Dated: April 7, 2016

JAMES DONATO
United States District Judge